UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALAN BRADLEY,<br>       Defendant. | Criminal Case No. 14-115ML |

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO TAKE DEPOSITION

Introduction

Defendant filed a motion pursuant to Rule 15 of the Federal Rules of Criminal Procedure requesting Court authorization to depose Dr. Randy Kozel, a potential trial witness. As grounds for his request, defendant alleges that defense counsel has been unable to interview Dr. Kozel and does not expect to be able to do so prior to trial.[1] What defendant does not allege is any fact or circumstance suggesting that Dr. Kozel will not be available to testify at trial. Since Rule 15 is designed as mechanism to preserve testimony of potentially unavailable trial witnesses, and not as a discovery tool, the Court should deny defendant's motion.

Argument

Rule 15 of the Federal Rules of Criminal Procedure permits depositions in exceptional circumstances. United States v. Ferrera, 746 F.2d 908, 912 (1st Cir. 1984). The burden of proving the existence of those exceptional circumstances is born by the moving party, which in this case is the defendant. United States v. Zuno-Arce, 44 F.3d 1420, 1424 (9th Cir. 1995). The decision whether to grant a Rule 15 motion is left to the discretion of the Court, but that discretion is not broad and must be carefully exercised. United States v. Keithan, 751 F.2d 9, 12 (1st Cir.

---

[1] The government has provided the defense with a transcript of Dr. Kozel's grand jury testimony, as well as copies of the defendant's medical records produced by Dr. Kozel in response to grand jury subpoenas.

1

1984).  Furthermore, that discretion should be exercised in such a way as to minimize the risk that the moving party is seeking to use the requested deposition as a discovery device in a criminal case.  United States v. Mann, 590 F.2d 361, 365 (1st Cir. 1978).

      Here, defendant fails to satisfy his burden of demonstrating the existence of exceptional circumstances warranting Dr. Kozel's deposition.  The basis for defendant's request is a rather ordinary occurrence, that is, a potential trial witness refusing to speak or meet with defense counsel prior to trial.  While compelling the deposition of Dr. Kozel under these circumstances may be an effective discovery tool, Rule 15 is not designed for that purpose.  United States v. Edwards, 69 F.3d 419, 437 (10th Cir. 1995).  Providing a mechanism to preserve testimony for trial, not establishing an alternative method of pretrial discovery, is the rule's actual purpose.  United States v. Kelley, 36 F.3d 1118, 1124 (10th Cir. 1994).

Conclusion

      For all of the above stated reasons, the United States requests that the defendant's Rule 15 motion be denied.

Respectfully submitted,

PETER F. NERONHA
United States Attorney

/s/ Stephen G. Dambruch

Stephen G. Dambruch
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5049 (office)
401-709-5001 (facsimile)
stephen.dambruch@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on the 3rd day of March, 2015, I caused the within Government's Response to be filed electronically and it is available for viewing and downloading from the ECF system by defendant's attorneys, Terrence E. Livingston, Esquire, and Joseph F. Hook, Esquire.

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
R.I. Bar No. 3309
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 709-5049 (office)
Fax: (401) 709-5001 (facsimile)
stephen.dambruch@usdoj.gov