# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

United States of America

VS.

CR 14- 115ML

Alan Bradley

### DEFENDANT'S PRE-TRIAL MEMORANDUM

Now comes the Defendant, Alan Bradley, in the above-entitled matter, and submits his Pre-Trial Memorandum, and answers as follows:

1. The Defendant requests the following issues be heard prior to trial:

Any and all Brady material, including but not limited to any and all statements, notes, documents, summary of any conversations that law enforcement had with any witness whether it is with law enforcement or civilian witnesses and if law enforcement does not have any documents, notes etc, then the defendant be provided a summary of when, where and with whom law enforcement spoke with.

2. Any and all statements that any witnesses, including civilian witnesses has given to law enforcement, of whatever nature that has been made in regard to Mr. Bradley's involvement or lack of involvement in the crime.

3. The notes that Michelle McLaughlin took while interviewing Mr. Bradley.

4. The defendant's motion for a bill of particulars.

5. The defendant's three motions in limine.

## **BRIEF ANALYSYS OF APPLICABLE LAW.**

The defendant is charged according to the assimilated crimes act and is charged under Rhode Island General laws 31-27-1- Reckless driving death resulting therefore the Court should look to Rhode Island case law when determining whether or not the defendant committed the charged crime.

### **§ 31-27-1. Driving so as to endanger, resulting in death**

(a) When the death of any person ensues as a proximate result of an injury received by the operation of any vehicle in reckless disregard of the safety of others, including violations of § 31-27-22, the person so operating the vehicle shall be guilty of "driving so as to endanger, resulting in death".

(b) Any person charged with the commission of this offense shall upon conviction be imprisoned for not more than ten (10) years and have his or her license to operate a motor vehicle suspended for no more than five (5) years.

### **Issues relating to reckless driving death resulting**

In State v. Lisi, 105 R. I. 516, 253 A.2d 239, the Rhode island Supreme Court ruled that recklessness, i.e., the willful or wanton disregard of the safety of others is a question of fact, with the question being whether "* * * the driving complained of is a conscious and intentional driving that the driver knows or should know creates an unreasonable risk of harm to others, even though he has no actual intent to harm them." In other words, in order to sustain a conviction for a reckless homicide under § 31-27-1 or for reckless driving under § 31-27-4, as

amended by P. L. 1967, chap. 64, sec. 1, the accused must have known or should have known that his manner of driving created an unreasonable risk of harm but he need not have intended to cause such harm. Intentional conduct, not intentional harm, is what is proscribed by these two statutes. Citing State v. Bolsinger, 221 Minn. 154, 21 N.W.2d 480.

"The statute's use of the word "reckless" connotes something more than the negligence which would support a tort award, and what is intended by the statute is the preclusion of intentional conduct rather than intentional harm. The crucial element in reckless driving offenses, we said, is evidence which shows that the "driver has embarked upon a course of conduct which demonstrates a heedless indifference to the consequences of his action." State v Arnold, 404 A.2d 490; (R.I.1979) Citing State v. Lunt, 106 R.I. 379, 382-83, 260 A.2d 149, 151 (R.I. 1969),

In State V Arnold, 404 A.2d 490; (R.I. 1979) The Rhode Island Supreme Court stated, "We believe that in order to have a conviction under our reckless-driving statute, evidence of a course of conduct showing heedless indifference to its consequences must be present. Mere error in judgment by a driver is not sufficient", citing State v.Lunt, 106 R.I. 379, 383, 260 A.2d 149, 151-52 (R.I. 1969).

Conviction under the reckless-driving statute requires evidence that the defendant embarked on a course of conduct demonstrating a heedless indifference to the consequences of his act. Mere error in judgment by a driver is not sufficient for conviction; neither is the negligence that could support a civil action on damages. State v Dionne, 442 A.2d 876; R.I. 1982)

In <u>State v Lunt, 260 a.2d 149 R.I.1969)</u>, the Rhode Island Supreme Court stated, "Mere inadvertence or a pure error in judgment by a driver is not embraced by the criminal sanctions of the reckless driving provisions of the Motor Vehicle Code. The fact that an operator of a motor vehicle has violated some statutory prohibition or rule of the road does not in and of itself warrant the bringing of a charge of recklessness either under § 31-27-1 or § 31-27-4. That an accused drove in excess of the speed limit does not necessarily establish a violation of the statutory crime reckless driving. <u>State v. Licari, 132 Conn. 220, 43 A.2d 450</u>. The Court went on to state, "we do not wish to be understood as holding that mere speed may never constitute reckless driving. Recklessness, like negligence, must be related to time, place, persons and surrounding circumstances and be measured by them. Excessive speed under some circumstances may amount to mere negligence and under other circumstances it may constitute willful or wanton disregard of the safety of others". <u>State v. Pruett, 91 Idaho 537, 428 P.2d 43; Norfolk v. State, (Wyo.) 360 P.2d 605; see also Anno. 52 A.L.R.2d 1337, §§ 17-18, pp. 1361-1363.</u>

A conviction for driving to endanger with death resulting requires evidence that a defendant embarked on a course of conduct demonstrating a heedless indifference to the consequences of his act. Simple negligence that would support a civil action is insufficient. Recklessness, like negligence, must be related to time, place, persons and surrounding circumstances and be measured by them. Excessive speed under some circumstances may amount to mere negligence and under other circumstances it may constitute willful or wanton disregard of the safety of others. <u>In re David P. 697 A.2d 1099 (R.I. 1999).</u>

## EVIDENTIARY ISSUES THAT THE DEFENDANT ANTICIPATES

1).   **As to a lay witness testifying that Mr. Bradley did not appear to have a seizure or like testimony.**

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. In addition the evidence which would be offered is speculative, irrelevant and not supported by any objective data or scientific treatise nor is it rationally based on any data that would be helpful to the jury. The witness's opinion is a subjective conclusory approach that cannot reasonably be assessed for reliability. Federal Rule of Evidence 402, 403, and 404, 701 and 702.

In addition, the admissibility of lay opinion testimony pursuant to Fed. R. Evid. 701 is committed to the sound discretion of the trial judge. Although the Government witnesses may not qualify as an expert, he or she may still be competent, based on past experience and personal knowledge and observation, to express an opinion as a lay witness that a particular person has had, did have or will have a seizure. The Government bears the burden of providing evidence that the witness is familiar with the defendant to form such an opinion. United States v. Paiva, 892 F.2d 148 (1st Cir. Me. 1989). The individual experience and knowledge of a lay witness may establish his or her competence, without qualification as an expert, to express an opinion on a particular subject outside the realm of common knowledge. If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those

opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. Fed. R. Evid. 701. Id.  In this particular case, the witness(s)'s opinion is a subjective conclusory approach that cannot reasonably be assessed for reliability.   The witnesses that are offered to testify as to the fact that Mr. Bradley after the incident was postictal or did not appear to have a "seizure" is beyond the capability of the witness to testify to and would not be helpful to the jury and will confuse and prejudice the jury

2).     **As to the issue of Mr. Bradley being involved in an accident in 2010 and again in 2011**.

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Federal Rule of Evidence 403 and 404.

In addition as it specifically relates to an accident he had on July 18, 2010 and another accident he had on January 22, 2011, the defendant relies on United States of America v Esperanza Aguilar-Aranceta,  58 F.3d 796 (1st cir 1995).

There is a two-part test to determine the admissibility of extrinsic act evidence under Fed. R. Evid. 404(b).  First, the trial judge must determine whether the evidence in question is offered for any purpose other than solely to prove that the defendant had a propensity to commit the

crime in question. That is, the judge must determine whether the evidence has some "special" probative value.  Prior bad acts may be "especially relevant" if they are probative of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.   If the judge is satisfied that the proffered evidence has "special relevance," the focus shifts to the second part of the test, which applies Fed. R. Evid. 403 to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.   United States of America v Esperanza Aguilar-Aranceta, 58 F.3d 796 (1st cir 1995).     In addition, the defendant relies on, United States v. Tse, 375 F.3d 148, (1st cir 2004)   in which the Court stated; "A district court may admit evidence of a defendant's other bad acts only if that evidence meets the requirements of both Fed. R. Evid. 404(b), 403. To be admissible under Fed. R. Evid. 404(b), the evidence must have "special relevance" to an issue in the case such as intent or knowledge, and must not include bad character or propensity as a necessary link in the inferential chain.  Second, pursuant to Fed. R. Evid. 403, the probative value of the bad act evidence must not be substantially outweighed by the danger of unfair prejudice.

3).     **Also, as it specifically relates to the testimony that "Alan Bradley was "steering directly at the police officers" and/or that "Alan Bradley while driving the vehicle was making a series of controlled turns ', and/or that "Alan Bradley was in complete control of the vehicle" or any similar type testimony.**

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

<u>Federal Rule of Evidence 403 and 404, Fed. R. Evid.602.</u>

A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence to prove personal knowledge may consist of the witness's own testimony.  This rule does not apply to a witness's expert testimony under <u>Rule 703</u>.  <u>Fed. R. Evid.602.</u>  The particular witnesses that testified in the Grand Jury have no personal knowledge as to what Mr. Bradley knew or did not know or whether he had control of the vehicle or not.  The proffered testimony is not within the witnesses' personal knowledge.  Other than experts giving expert opinions, witnesses should testify from personal knowledge. <u>Fed. R. Evid. 602, 701, 802.</u> A foundation should be laid establishing the basis of a witness's knowledge, opinion, or expertise. <u>Fed. R. Evid. 602, 701, 702. United States v. Rosado-Perez, 605 F.3d 48 (1st cir 2010).</u>  In addition the United States Attorney is attempting to introduce the as evidence ultimate issue to be decided in the case by a witness.  This is the province of the jury. While ultimate issue opinions are not always prohibited, lay testimony of this nature must comport with the requirement that proffered testimony be helpful to the jury. <u>Fed. R. Evid. 701(b).</u>  Lay opinions going to the ultimate issue will rarely meet this requirement, since the jury's opinion is as good as the witness's. <u>United States v. Vázquez-Rivera, 665 F.3d 351 (1st cir 2011).</u>

In addition, any probative value of the evidence is substantially outweighed by the danger of unfair prejudice. <u>Fed. R. Evid. 403</u>.

The Defendant anticipates that her case may require THREE (3) days to complete direct examination.

                                        Respectfully submitted
                                        Alan Bradley
                                        By her Attorney,

                                        /s/ Terence Livingston
                                        Terence Livingston, Esq.
                                        681 Smith Street
                                        Providence, RI 02908
                                        (401) 861-8121

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2015 a copy of the within Pre-trial Memorandum was filed electronically and is available for viewing and downloading from the ECF system.

Electronic Notification:
Stephen Dambruch
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th floor
Providence, RI 02903

                                        /s/ Terence Livingston
                                        Terence Livingston, Esq.
                                        681 Smith Street
                                        Providence, RI 02908
                                        (401) 861-8121