IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | Cr. No. 14-115ML |
| | ) | |
| ALAN BRADLEY | ) | |

**GOVERNMENT'S TRIAL MEMORANDUM**

I. <u>The Indictment</u>

The indictment charges Alan Bradley (Bradley) with one count of driving so as to endanger, death resulting, in violation of R.I. Gen. Laws § 31-27-1 and 18 U.S.C. § 13.

II. <u>Summary of the Government's Evidence</u>

On September 26, 2013, Bradley, while operating a Navy pickup truck, struck and killed Navy Police Detective Frank Lema (Lema). At the time of the incident, Lema and a second Navy Police officer, Andrew Muller, were standing outside of the Navy public safety building. That building is located on Navy Station Newport, which is an area within either the concurrent or exclusive jurisdiction of the United States. The entire incident was captured on video by three surveillance cameras mounted on the exterior of the public safety building.

Several fire and police personnel dealt with Bradley in the immediate aftermath of the incident. None reported observing any signs of intoxication or injury. Bradley told EMTs that he had no memory of striking Lema and then

declined their offer to transport him to the hospital for further medical treatment.

Subsequent investigation revealed that Bradley suffered from epilepsy and had been repeatedly warned by his treating physician, Dr. Randy Kozel, not to operate a motor vehicle. According to Bradley's friend and occasional roommate, Curtis Greaves, Bradley made arrangements to be transported by others back and forth to work, but continued to drive a Navy vehicle during working hours.

Dr. Carolyn Revercomb, an Assistant Medical Examiner, conducted an autopsy of Lema on September 27, 2013. During the course of that autopsy, Dr. Revercomb found external and internal bruising, a skull fracture, and significant brain damage. She determined that those injuries were consistent with Lema having been struck by a vehicle. Based upon all of her findings, Dr. Revercomb concluded that Lema died of multiple blunt force injuries.

On November 25, 2013, Dennis Lyons (Lyons), an automotive mechanics expert, conducted a forensic examination of Bradley's vehicle. Upon completion of the inspection, Lyons determined that the vehicle was mechanically and operationally sound. He also found that neither the breaking nor the acceleration systems suffered from any deficiencies.

III. Legal Issues

    A. Elements of the Offense

        1. To establish a violation of 18 U.S.C. § 13, the government must prove the following elements:

            a. That Bradley committed the offense of driving so as

to endanger, death resulting, in violation of R.I. Gen. Laws § 31-27-1; and,

   b. That Bradley committed that offense within the special maritime and territorial jurisdiction of the United States (as defined by 18 U.S.C. § 7).

  2. To establish a violation of R.I. Gen. Laws § 31-27-1, the government must prove the following elements:

   a. That Bradley was operating a motor vehicle;

   b. That Bradley operated that motor vehicle in a reckless disregard for the safety of others; and,

   c. That the death of another person ensued as a proximate result of an injury received by Bradley's reckless operation of the motor vehicle.

B. <u>Special Maritime and Territorial Jurisdiction of the United States</u>

  The "special maritime and territorial jurisdiction of the United States" includes lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction of the United States, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the land is situated, for the building of a fort, arsenal, dock, or other needed building.  18 U.S.C. § 7.

C. <u>Reckless Operation</u>

  Recklessness is defined as embarking upon a course of conduct

demonstrating a heedless indifference to the consequences of the act. *State v. Dionne*, 442 A.2d 876, 883 (R.I. 1982). Mere error in judgment by a driver is not sufficient, nor is the negligence that could support a civil action for damages. *Dionne* at 883. Recklessness, like negligence, must be related to time, place, persons and surrounding circumstances and be measured by them. *State v. Lunt*, 106 R.I. 379, 373, 260 A.2d 149, 152 (1969). In other words, the driver must have known or should have known that his manner of driving created an unreasonable risk of harm, but he need not to have intended to cause such harm. Intentional conduct, not intentional harm is what is prohibited by this statute. *Lunt*, 106 R.I. at 382, 260 A.2d at 151.

In *Jones v. Poole*, 2010 WL 1949599 (W.D.N.Y. 2010), the court determined that defendant's long history of seizures, combined with a warning from his doctor just days before a fatal accident, was sufficient to support a finding of recklessness. Under New York law, a person is considered to have acted recklessly when he is aware of and consciously disregards a substantial and unjustifiable risk, which in the *Poole* case was a grave risk of death to another person. Although not precisely the same as the Rhode Island standard, the New York definition of recklessness is substantially the same as the one adopted by the Rhode Island Supreme Court in *Lunt*, that is, that the driver knew or should have known that his manner of driving created an unreasonable risk of harm.

The Appellate Court of Illinois reached a similar conclusion in the case

of *People v. Botsis*, 388 Ill. App.3d 422 (2009). There, the court found that defendant's knowledge that he suffered three prior fainting incidents, including one that resulted in a minor crash approximately eight months before the fatal accident, together with his doctor instructing him not to drive was sufficient to support a finding that defendant acted recklessly. In Illinois, recklessness is defined by statute as conscious disregard of "a substantial and unjustifiable risk that circumstances exist or that a result will follow" and that "such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." 720 ILCS 5/4-6 (West 2006). While not the exact same language adopted by the Rhode Island Supreme Court, this definition is closely aligned with the Rhode Island version.

D.  Proximate Causation

*Black's Law Dictionary* defines the term "proximate cause" as "a cause that directly produces an event and without which the event would not have occurred."

F.  Experts

Federal Rule of Evidence 702 permits a qualified expert witness to testify in the form of an opinion if the expert's specialized knowledge will assist the jury in understanding evidence or determining a fact in evidence. The government intends to present testimony from three highly qualified experts. Those witnesses are Rhode Island State Police Corporal Jeffrey

L'Heureux, a collision reconstruction expert who responded to and analyzed evidence from the crime scene; Dennis Lyons, an automotive forensics expert who examined the pickup truck operated by Bradley; and Dr. Carolyn Revercomb, a forensic pathologist who conducted an autopsy of the victim.

G.  Lay opinions

Several lay witnesses may offer opinion testimony that is based upon their perception of the incident. Such testimony may include observations of the speed of Bradley's pickup truck, the manner in which Bradley operated the truck, and Bradley's physical condition. While not based on any specialized knowledge, these lay opinions will be helpful to fully understanding the witnesses' testimony and to determining relevant facts, thereby making them admissible pursuant to Rule 701 of the Federal Rules of Evidence.

H.  <u>Evidence of Prior Automobile Accident</u>

The government intends to introduce evidence that Bradley was involved in an automobile accident on January 22, 2011 in Middletown, Rhode Island. Bradley subsequently provided a statement to the Middletown Police Department acknowledging that he had a seizure while operating his motor vehicle and woke up in a ditch.

This evidence should be admitted at trial since it is relevant and material to at least one of the elements of the charged offense, that is, whether Bradley acted recklessly. Arguably, the introduction of such

evidence does not trigger the provisions of Federal Rule of Evidence 404(b). This evidence is probative as to Bradley's state of mind on September 26, 2013 and, therefore, not subject to Rule 404(b)'s limitation on the use of evidence of other acts. *United States v. Mare*, 666 F.3d 35, 39 (1st Cir. 2012); *United States v. Fazal-Ur-Rahemen-Fazal*, 355 F.3d 40, 50 (1st Cir. 2004).

Even assuming that Rule 404(b) does apply, it only prohibits the introduction of evidence "whose probative value exclusively depends upon a forbidden inference of criminal propensity." *United States v. Tutiven*, 40 F.3d 1, 5 (1st Cir. 1994). When relevant evidence has some other purpose than showing propensity, it is admissible so long as its probative value is not substantially outweighed by its prejudicial impact. *United States v. Currier*, 821 F.2d 52, 55 (1st Cir. 1987); *United States v. D'Alora*, 585 F.2d 16, 20-21 (1st Cir. 1978).

Here, the government would not attempt to introduce evidence of the 2011 accident to prove propensity. Rather, the evidence would be probative of Bradley's knowledge, absence of mistake, and/or lack of accident. All of these are permissible uses under Rule 404(b) and highly probative on the issue of recklessness.

IV. Requested Voir Dire

The government will submit its proposed voir dire questions under separate cover.

V.   Jury Instructions

The government will submit its proposed jury instructions under separate cover.

VI.   Exhibit List

The government will submit an exhibit list under separate cover prior to the commencement of trial.

VII.   Estimated Time of Trial

The government estimates that it will take approximately five days to conduct the trial.

RESPECTFULLY SUBMITTED,

UNITED STATES OF AMERICA
By its Attorneys,

PETER F. NERONHA
UNITED STATES ATTORNEY

/s/ Stephen G. Dambruch
_____
STEPHEN G. DAMBRUCH
Assistant U. S. Attorney
R.I. Bar No. 3309
U.S. Attorney's Office
50 Kennedy Plaza - 8th Floor
Providence, RI 02903
(401) 709-5000

<u>Certificate of Service</u>

      I hereby certify that on the 22nd day of April, 2015, a copy of the within Government's Trial Memorandum was served on Terrence E. Livingston, Esquire, by way of the Electronic Case Filing system.

      /s/ Stephen G. Dambruch
      _____
      STEPHEN G. DAMBRUCH