UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CR14-115ML |
| | : | |
| ALAN BRADLEY | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR BILL OF PARTICULARS**

Defendant Alan Bradley (Bradley) filed a Motion for Bill of Particulars claiming he is unable to ascertain the nature of the case against him due to lack of specificity in the wording of the indictment. Bradley is mistaken in his belief that the indictment lacks sufficient specificity and, when combined with the significant volume of discovery provided to him by the government, he has received more than adequate notice of the nature of the case against him. Therefore, Bradley's motion should be denied.

Facts and Travel

The federal grand jury returned an indictment against Bradley on September 30, 2014. That indictment alleged that "[o]n or about September 26, 2013, in the District of Rhode Island, defendant Alan Bradley, while within the special maritime and territorial jurisdiction of the United States, did operate a motor vehicle in reckless disregard of the safety of others resulting in the death of another person, in

violation of R.I. Gen. Laws § 31-27-1; all in violation of 18 U.S.C. §§ 7 and 13."
Bradley received a copy of the indictment at his arraignment on October 1, 2014.

Thereafter, the government provided Bradley with a large volume of discovery materials including numerous reports, records, photographs, diagrams and video recordings. The government also sent Bradley transcripts of the grand jury testimony of all significant witnesses.

Argument

An indictment is sufficiently particular if it sets forth the elements of the crime, informs the defendant as to the nature of the charge against which he must defend and enables the defendant to plead double jeopardy in bar of future prosecutions for the same offense. *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993). Where the indictment is sufficiently specific, there is no need to grant a motion for bill of particulars. *United States v. Paiva*, 892 F.2d 148, 154-55 (1st Cir. 1989).

Furthermore, a motion for bill of particulars need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause. *Sepulveda* at 1192-93. The fact that the defendant received extensive discovery is a factor the Court should consider when conducting that analysis. *Sepulveda* at 1193.

The indictment in the instant case is more than sufficiently specific. The charging language puts Bradley on notice as to the date of offense, the specific

charge being brought against him (including statutory citations) and a general indication of the location of the incident. Additionally, the government's multiple discovery responses provide Bradley with a detailed accounting of the incident which gave rise to the indictment. Considering the volume of information currently available to Bradley, he would be hard pressed to demonstrate how he will be disabled, unfairly surprised or hampered by not receiving a bill of particulars from the government in advance of his trial.

What Bradley appears to be seeking is something he is not entitled to, that is, a preview of how the government will attempt to prove at trial the offense charged in the indictment. Bradley's memorandum in support of his motion states that he an answer to the question of "what particular acts were part of the course of conduct that demonstrated a heedless indifference." This is effectively a request for disclosure of the manner in which the government will prove the charge, a description of the precise manner in which the defendant committed the charged offense, and a preview of the government's legal theories, all of which the government should not be required to disclose through the mechanism of a bill of particulars. *United States v. Rittweger*, 259 F.Supp.2d 275, 291 (S.D.N.Y. 2003); *United States v. Mitlof*, 165 F.Supp.2d 558, 569 (S.D.N.Y. 2001).

## Conclusion

For all of the above stated reasons, the government respectfully requests that the Court deny defendants' Motion for Bill of Particulars.

RESPECTFULLY SUBMITTED,

UNITED STATES OF AMERICA
By its Attorneys,

PETER F. NERONHA
UNITED STATES ATTORNEY

/s/ Stephen G. Dambruch
_____
STEPHEN G. DAMBRUCH
First Assistant U. S. Attorney
R.I. Bar No. 3309
U.S. Attorney's Office
50 Kennedy Plaza - 8th Floor
Providence, RI 02903
(401) 709-5049
Email Stephen.dambruch@usdoj.gov

Certificate of Service

On this 27th day of April, 2015, I caused the within Government's Response to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Terrence E. Livingston, Esquire
681 Smith Street
Providence, RI 02908

/s/ Stephen G. Dambruch
_____
STEPHEN G. DAMBRUCH
First Assistant U. S. Attorney
R.I. Bar No. 3309
U.S. Attorney's Office
50 Kennedy Plaza - 8th Floor
Providence, RI 02903
(401) 709-5049
Email Stephen.dambruch@usdoj.gov