UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
V. : CR14-115ML
:
ALAN BRADLEY :

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
SECOND MOTION IN LIMINE**

Defendant Alan Bradley (Bradley) moved in limine to preclude the government from introducing evidence regarding two prior motor vehicle accidents at trial, claiming that it would be offered for no other reason than to prove Bradley's propensity to commit a crime. Bradley fails to account for or acknowledge the intrinsic nature and the high probative value of this evidence. Therefore, his motion should be denied.

Facts

Bradley was involved in two motor vehicle accidents prior to January 26, 2013, the date of offense in the instant case. Both occurred in Middletown, Rhode Island, the first on July 18, 2010 and the second on January 22, 2011.[1] With regard to the January 2011 incident, Bradley's Honda Civic veered across a roadway into a mailbox through a ditch and came to rest after striking a pole. Bradley's 12 year old son was a passenger in the Civic at the time of the accident. Bradley subsequently

---

[1] At this point in time, the government only intends to introduce evidence of the January 22, 2011 accident during its case in chief.

provided a statement to the Middletown Police acknowledging "I had a seizure and I woke up by J.H. Dwyer in a ditch." The accident resulted in extensive damage to Bradley's vehicle and a rescue trip to the hospital for Bradley and his son.

Argument

Rule 402 of the Federal Rules of Evidence (FRE) allows for the admissibility of relevant evidence. Under FRE 401, evidence is relevant if it tends to make a consequential fact more or less probable than it would be without that evidence. Evidence having any tendency to make the existence of any material fact more or less probable satisfies FRE 401's very low relevancy threshold. United States v. Cotto-Aponte, 30 F.3d 4, 6 (1st Cir. 1994).

Here, the government proposes to introduce evidence of the January 22, 2011 accident and Bradley's own statement identifying its cause. This evidence clearly makes more probable the fact that when Bradley drove the Navy pickup truck on September 26, 2013, he was aware of the risk presented by his medical condition. That awareness is one of several factors that are relevant and material to the question of recklessness, which is an element of the charged offense.

While this evidence will be prejudicial, in that it is probative of Bradley's guilt, the law does not exclude evidence simply because it is prejudicial. "'[A]ll evidence is meant to be prejudicial; it is only unfair prejudice which must be avoided.'" *United States v. Guzman-Montanez*, 756 F.3d 1, 7 (1st Cir. 2014) (quoting *United States v. Rodriguez–Estrada*, 877 F.2d 153, 156 (1st Cir.1989)).

There is nothing unfair about introducing Bradley's own statement evidencing his knowledge that his medical condition caused him to lose control of a motor vehicle resulting in a serious mishap. A myriad of cases upholds the introduction of such evidence. See *United States v. Mare*, 668 F.3d 35, 39 (1st Cir. 2012) (admitting defendant's statements made eight months before the charged arson as evidence of the defendant's state of mind); *United States v. Fazal-Ur-Raheman-Fazal*, 355 F.3d 40, 50-51 (1st Cir. 2004) (admitting threatening statements the defendant made to his wife two months before the kidnapping); *United States v. Martorano*, 557 F.2d 1, 7 (1st Cir. 1977) (admitting recorded conversations with the defendant made several months after the charged extortionate loan as evidence of the defendant's state of mind); see also *United States v. Watson*, 695 F.3d 159, 163-64 (1st Cir. 2012) (admitting pursuant to FRE 801(d)(2)(A) letters written by the defendant while he was awaiting trial even though those letters included a reference to the defendant's prior bad act).

As to Bradley's claim that FRE 404(b) bars the government from presenting this evidence at trial, the rule only prohibits the introduction of evidence "whose probative value *exclusively* depends upon a forbidden inference of criminal propensity." *United States v. Tutiven*, 40 F.3d 1, 5 (1st Cir. 1994) (emphasis in original). When, as here, relevant evidence has some other purpose than showing propensity, it is admissible so long as its probative value is not substantially outweighed by its prejudicial impact. *United States v. Currier*, 821 F.2d 52, 55 (1st Cir. 1987); *United States v. D'Alora*, 585 F.2d 16, 20-21 (1st Cir. 1978).

Even if the Court determines that the question of the admissibility of some or all of the evidence described above falls within the scope of Rule 404(b), it is still admissible at trial. Evidence of Bradley's acknowledgement that a prior automobile accident resulted from an epileptic seizure is admissible under Rule 404(b) as proof of Bradley's knowledge, absence of mistake or lack of accident.

Conclusion

For all of the above stated reasons, the government respectfully requests that the Court deny Bradley's Second Motion in Limine.

RESPECTFULLY SUBMITTED,

UNITED STATES OF AMERICA
By its Attorneys,

PETER F. NERONHA
UNITED STATES ATTORNEY

/s/ Stephen G. Dambruch

_____
STEPHEN G. DAMBRUCH
First Assistant U. S. Attorney
R.I. Bar No. 3309
U.S. Attorney's Office
50 Kennedy Plaza - 8th Floor
Providence, RI 02903
(401) 709-5049
Email Stephen.dambruch@usdoj.gov

Certificate of Service

On this 27th day of April, 2015, I caused the within Government's Response to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Terrence E. Livingston, Esquire
681 Smith Street
Providence, RI 02908

/s/ Stephen G. Dambruch
_____
STEPHEN G. DAMBRUCH
First Assistant U. S. Attorney
R.I. Bar No. 3309
U.S. Attorney's Office
50 Kennedy Plaza - 8th Floor
Providence, RI 02903
(401) 709-5049
Email Stephen.dambruch@usdoj.gov